AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Eugene R. Daniels, III

V.

New York State Division of Human Rights,
Martha Furlong, and Michelle Heitzner

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: **07 CIV 8007** Judge Pauley

TO: (Name and address of Defendant)

New York State Division of Human Rights  Martha Furlong
One Fordham Plaza, 4th Floor

Bronx, New York 10458

Michelle Heitzner, 3000 Ocean Parkway, Brooklyn, New York 11235

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robin Aronson, Esq.
30 Bayside Terrace
Great Neck, New York 11023

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    9/12/2007

CLERK                                                  DATE

(By) DEPUTY CLERK

p.2

07 CIV 8007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EUGENE R. DANIELS, III                    (JURY TRIAL DEMANDED)

　　　　　Plaintiff,

-against-                                 VERIFIED COMPLAINT

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
MARTHA FURLONG, AND MICHELLE HEITZNER

　　　　　Defendants.

------------------------------------X



FACTS

Plaintiff, Eugene R. Daniels, III, by his attorney, Robin Aronson, Esq, alleges upon information and belief in his verified complaint the following:

1) Defendant, New York State Division of Human Rights is an agency located in the State of New York.

2) Plaintiff, Eugene R. Daniels, III is a former employee of the New York State Division of Human Rights.

3) Defendant, Martha Furlong, was the Deputy Commissioner of Administration for the New York State Division of Human Rights when plaintiff, Eugene R. Daniels, III was employed by the New York State Division of Human Rights.

4) Defendant, Michelle Heitzner, was the Deputy Commissioner of Operations &Regions for the New York State Division of Human Rights when plaintiff, Eugene R. Daniels, III was employed by the New York State Division of Human Rights.

5) Plaintiff, Eugene R. Daniels, III was employed as regional director of the Kings

County Office of the New York State Division of Human Rights from June 2, 2005 to May 12, 2006.

6) Plaintiff, Eugene R. Daniels, III was terminated from the New York State Division of Human Rights on May 12, 2006.

## JURISDICTION

7) This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 which affords district courts original jurisdiction in civil actions arising under the Constitution, Laws, or Treaties of the United States of America. This Court also has jurisdiction in this matter pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166 and New York State Executive Law § 296.

## VENUE

8) Venue is properly vested in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, since the acts and or omissions occurred in the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

9) Plaintiff "repeats," "realleges," and "reiterates," all allegations contained in paragraphs one through eight.

10) Plaintiff was denied due process of law in violation of the 14th Amendment to the United States Constitution and Article 5, Title B, New York Civil Service Law § 75.

11) Plaintiff, Eugene R. Daniels, III was employed by defendant, New York State Division of Human Rights as the regional director of the Kings County Office from June 2, 2005 to May 12, 2006.

12) On April 26, 2006, plaintiff, Eugene R. Daniels, III was advised by the New York State Division of Human Rights its agents, and employees that an undisclosed female alleged she was sexually harassed by plaintiff when he assisted her when filing her New York State Division of Human Rights complaint against her former employer for wrongful termination.

13) On April 26, 2006, the New York State Division of Human Rights, its agents, representatives, and employees informed plaintiff he would be afforded an opportunity to respond to complainant's allegations.

14) On April 26, 2006, Eugene R. Daniels, III advised the New York State Division of Human Rights, its agents, employees, and representatives he would respond

to complainant's allegations upon retaining an attorney.

15) However, subsequently, plaintiff, Eugene R. Daniels, III received correspondence dated May 1, 2007 from the New York State Division of Human Rights advising him charges must have been contested by April 27, 2006.

16) As a result, plaintiff, Eugene R. Daniels, III was never afforded a reasonable opportunity to retain an attorney to respond to complainant's allegations as required pursuant to Article 5, Title B, New York Civil Service Law § 75.

17) Further, plaintiff, Eugene R. Daniels, III never received a copy of the written charges filed by complainant, Ms. Rodriguez for perusal prior to his termination as required pursuant to Article 5, Title B, New York Civil Service Law § 75.

18) On May 12, 2006, plaintiff, Eugene R. Daniels, III was terminated as regional director from the Kings County Office of the New York State Division of Human Rights.

19) Plaintiff, Eugene R. Daniels, III additionally was never afforded a hearing to establish his incompetency or engagement in misconduct prior to his termination as mandated pursuant to Article 5, Title B, New York Civil Service Law § 75.

20) As a direct and proximate result of defendant's conduct plaintiff sustained personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

## AS AND FOR A SECOND CAUSE OF ACTION

21) Plaintiff "repeats," "realleges," and "reiterates," all allegations contained in paragraphs one through twenty.

22) Plaintiff was denied due process of law in violation of the 5th Amendment to the United States Constitution which prohibits deprivation of life, liberty, or property without due process of law.

23) Plaintiff, Eugene R. Daniels, III was informed by the New York State Division of Human Rights, its agents, representatives, and employees that he was accused of sexually harassing complainant, Michelle Rodriguez and accused of improperly utilizing his subordinates at the New York State Division of Human Rights to facilitate his senatorial campaign during business hours.

24) On April 26, 2006, plaintiff, Eugene R. Daniels, III advised the New York State Division of Human Rights, its agents, and employees that he would retain an attorney to respond to complainant's allegations and the allegations of his subordinates.

25) Subsequently, plaintiff, Eugene R. Daniels, III received correspondence dated May 1, 2006 advising him the charges were required to be refuted by April 27, 2006.

26) As a result, plaintiff, Eugene R. Daniels, III was never afforded a reasonable opportunity to retain an attorney to respond to complainant's allegations or the allegations of his subordinates as required pursuant to Article 5, Title B, New York Civil Service Law § 75.

27) Further, the documented charges submitted by complainant, Ms. Rodriguez and his subordinates were never produced for perusal prior to his termination as required pursuant to Article 5, Title B, New York Civil Service Law § 75.

28) On May 12, 2006, plaintiff, Eugene R. Daniels, III was terminated as regional director of the Kings County Office of the New York State Division of Human Rights.

29) As a direct and proximate result of defendant's conduct plaintiff sustained personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION

30) Plaintiff "repeats," "realleges," and "reiterates" all allegations contained in paragraphs one through twenty-nine.

31) Plaintiff, Eugene R. Daniels, III was retaliatory discharged in violation of 42 U.S.C. 2000e, et seq., N.Y.S. Executive Law 296 upon drafting correspondences on February 14, 2006, April 14, 2006, and May 12, 2006 contending the New York State Division of Human Rights, its agents, and employees engaged in discriminatory conduct.

32) Within months of accusing the New York State Division of Human Rights, its agents, and employees of engaging in discriminatory conduct, Mr. Daniels was transferred to the Bronx County Office of the New York State Division of Human Rights.

33) Plaintiff, Eugene R. Daniels, III was denied phone access upon transfer to the Bronx County Office of the New York State Division of Human Rights.

34) When plaintiff, Eugene R. Daniels, III was transferred to the Bronx County Office of the New York State Division of Human Rights he was ordered to report to his subordinates at the New York State Division of Human Rights.

35) When plaintiff, Eugene R. Daniels, III was transferred to the Bronx County New York State Division of Human Rights, he was denied immediate access to his personal effects at the Kings County Office of the New York State Division of Human Rights in violation of agency policy.

36) As a direct and proximate result of defendant's conduct plaintiff sustained personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

WHEREFORE, plaintiff demands the following relief:

1) Compensatory damages in this matter.

2) Punitive damages in this matter.

3) Costs in this matter.

4) Reasonable attorney fees.

5) For such other and further relief as this Court deems just and proper under the circumstances and in the interests of justice.

Dated: September 12, 2007
Great Neck, New York

Robin Aronson (RA4309)
30 Bayside Terrace
Great Neck, New York 11023
(516) 482-3951