

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

Writer's Direct Dial
(212) 416-8548

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

January 16, 2008

<u>By Hand</u>

The Honorable William H. Pauley, III
United States District Court Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    <u>Eugene R. Daniels, III v. New York State Division of Human Rights,
           Martha Furlong and Michele Heitzner</u>
           No.: 07-Civ-8007 (WHP)

Dear Judge Pauley:

       This office represents the defendants in the above-referenced action.  <u>We submit this letter pursuant to your Individual Practice Rule 3A to request a pre-motion conference in anticipation of a possibly dispositive motion to dismiss all the claims of the complaint for the reasons stated below.  Defendants also are requesting a second extension of time to file their response to the complaint, currently due on January 25, 2008.</u>[1]  Defendants are prepared to submit an answer to the complaint within ten days after a decision by the Court on this issue.  I have tried, unsuccessfully, to contact plaintiff's counsel regarding this additional application and extension of time to answer.

---

    [1] I was under the mistaken impression that the Court's endorsement of defendants' letter seeking an initial extension of time to respond to the complaint obviated the need for this pre-motion conference.

The Honorable William H. Pauley, III
January 16, 2008
Page two


**Background**

The plaintiff is a former employee of the New York State Division of Human Rights ("NYSDHR"). He was hired on June 2, 2005 as the Regional Director of the Kings County Office of the NYSDHR and terminated for misconduct less than a year later, on May 12, 2006. He has named the NYSDHR and two of its former Deputy Commissioners, Martha Furlong and Michele Heitnzer, as defendants in his complaint which seeks monetary damages for alleged violations of the U.S. Constitution as well as state and federal law.

**A Motion to Dismiss Is Appropriate for this Action**

The anticipated bases for the motion are Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure in that the Court lacks subject matter jurisdiction of some of the claims and the complaint fails to state a cause of action on other claims. The Eleventh Amendment to the U.S. Constitution provides immunity to the NYSDHR and state officials acting in their official capacities thus precluding plaintiff's Fourteenth Amendment claim, his 42 U.S.C. §1983 allegations, and his state law claims. See, e.g. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 98-102, 106 (1984); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

Also, the two individually named defendants, Deputy Commissioners Furlong and Heitzner, cannot be held personally liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.("Title VII"). See, e.g., Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995). Further, there are no or insufficient allegations of discriminatory conduct or personal involvement with the plaintiff that are ascribed to these two individuals which would support any claims of discrimination pursuant to the State Human Rights law. See Section 296 of Article 15 of the New York State Executive Law.

In addition, plaintiff is not a civil service employee and thus is not subject to the state civil service law and accordingly no plausible cause of action exists for an alleged violation of his due process rights. See Section 75(1) of the New York State Civil Service Law.

The remaining allegations in the complaint should be dismissed because the pleading fails to state plausible claims. For example, the complaint alleges retaliation discrimination under Title VII but plaintiff fails to satisfy the standards and state a prima facie case necessary for such a claim. Under the recently decided case of Bell Atlantic Corp. v. Twombly et al., – U.S. –, 127 S .Ct. 1955 (2007), the Supreme Court abandoned the familiar standard from Conley v. Gibson, 355 U.S. 41 (1957) that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). The Second Circuit has concluded that Twombly creates "a flexible 'plausibility standard,' which obliges a pleader to

The Honorable William H. Pauley, III
January 16, 2008
Page three

amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007).

Even if all of plaintiff's claims are not dismissed pursuant to Rules 12b(1) and (6), a sufficient number will be thus narrowing the focus for litigation and discovery in this action.

Respectfully submitted,

Susan Anspach (SA 6968)
Assistant Attorney General

By Facsimile and Federal Express

cc: Robin Aronson, Esq.
   30 Bayside Terrace
   Great Neck, NY 11023
   (516) 482-3951

Application Granted. This Court will hold a pre-motion conference on February 15, 2008 at 12:30 p.m. and will address Defendants' request for an extension of time to respond to the complaint at that time.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.