UNITED STATES DISTRICT COURT                          Original Filed by ECF
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EUGENE R. DANIELS, III,

                  Plaintiff,

                                  Docket No.: 07-Civ-8007 (WHP)

    -against-

NEW YORK STATE DIVISION OF HUMAN
RIGHTS,

                  Defendant.

----------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**


                             ANDREW M. CUOMO
                             Attorney General of the
                              State of New York
                             <u>Attorney for Defendant</u>
                             120 Broadway, 24th Floor
                             New York, New York 10271
                             (212) 416-8548/8610


SUSAN ANSPACH
Assistant Attorney General
 <u>Of Counsel</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Point I          THIS COURT LACKS SUBJECT MATTER
                 JURISDICTION OVER PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . 3

A.  Eleventh Amendment Immunity Precludes this Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.  No Viable Claims Exist Pursuant to 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C.  No Claim Exists Pursuant to Section 75 of the State Civil Service Law . . . . . . . . . . . . . . . . . 5

Point II          THE AMENDED COMPLAINT FAILS TO
                  STATE A CLAIM UPON WHICH RELIEF
                  CAN BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page**

ATSI Communications v. Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bd. of Tr. of Univ. of Alabama v. Garrett,
    531 U.S. 356 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bell Atlantic Corp. v. Twombly et al.,
    – U.S.– , 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Benzo v. New York State Division of Human Rights, 95-Civ-5362, 1997 U.S. Dist.
    LEXIS 901 (S.D.N.Y. Jan. 29, 1997), aff'd., 1998 U.S. App. LEXIS 2695
    (2d Cir. Feb. 19, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Chambers v. Time Warner,
    282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Clissuras v. EEOC,
    89-Civ-5869, 1990 U.S. Dist. LEXIS 8284 (S.D.N.Y. June 29, 1990), aff'd.,
    978 F.2d 706 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conley v. Gibson,
    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dube v. State Univ. of New York,
    900 F.2d 587 (2d Cir. 1990), cert. den., sub nom
    Wharton v. Dube, 501 U.S. 1211 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ferrante v. American Lung Association,
    90 N.Y.2d 623, 665 N.Y.S.2d 25 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Harris v. New York State Dep't of Health,
    202 F. Supp. 2d 143 (S.D.N.Y. 2002)      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ibrahim v. New York State Department of Health,
    581 F. Supp. 228 (E.D.N.Y. 1984), rev'd on other grds.
    904 F.2d 161 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kentucky v. Graham,
    473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Mangiafico v. Blumenthal,
    471 F.3d 391 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Minotti v. Lensink,
    798 F.2d 607 (2d Cir. 1986), cert. den., 482 U.S. 906 (1987) . . . . . . . . . . . . . . . . . . . . . 4

O'Neill v. City of Auburn,
    23 F.3d 685 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Quern v. Jordan,
    440 U.S. 332 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rigle v. County of Onondaga,
    267 A.D.2d 1088, 701 N.Y.S.2d 222 (4th Dep't 1999), app. den. 94 N.Y.2d
    764, 708 N.Y.S.2d 53 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Roper v. Hynes,
    05 Civ 7664, 2006 U.S. Dist. LEXIS 69128 (S.D.N.Y. Sept. 27, 2006) . . . . . . . . . . . . . 4

Santiago v. New York State Dep't of Corr. Servs.,
    945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) . . . . . . . . . . . . . . . . . . 4

Spencer v. Doe,
    139 F.3d 107 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Todaro v. Norat,
    112 F.3d 598 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Torres v. Pisano,
    116 F.3d 625 (2d Cir 1997), cert. den., 522 U.S. 997 (1997) . . . . . . . . . . . . . . . . . . . . 9

Van Zant v. KLM Royal Dutch Airlines,
    80 F.3d 708 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Will v. Michigan Dep't of State Police,
    491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

**United States Constitution**

11th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4
14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

**Federal Statutes**

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 7
42 U.S.C. § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
42 U.S.C. § 2000e, et seq., ("Title VII") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9
42 U.S.C. § 2000e-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

**Federal Rules of Civil Procedure**

Rule 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9
Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**New York State Statutes**

Civil Service Law § 75 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5, 6
Human Rights Law § 296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3, 9

**State Rules and Regulations**

4 NYCRR §2.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EUGENE R. DANIELS, III,

                        Plaintiff,

                                                    Docket No.: 07-Civ-8007 (WHP)

   -against-

NEW YORK STATE DIVISION OF HUMAN
RIGHTS,

                        Defendant.

------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### Preliminary Statement

      Plaintiff brings this Amended Complaint for monetary damages and reinstatement against his previous employer, the New York State Division of Human Rights ("NYSDHR"). Plaintiff is alleging violations of the 14th Amendment to the U.S. Constitution, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., ("Title VII"), the New York Human Rights Law, § 296 of Article 15 of the Executive Law ("State Human Rights Law") and § 75 of Title B to the New York State Civil Service Law ("State Civil Service Law").

      This memorandum of law is respectfully submitted on behalf of the defendant in support of its motion to dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The motion to dismiss should be granted upon the grounds that 1) the Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the Eleventh Amendment to the U.S. Constitution; 2) the state and its agencies are not "persons" under §1983; and 3) the

alleged facts are insufficient to state a claim upon which relief can be granted.

### Statement of Facts

The plaintiff was employed as the Regional Director of the Kings County Office of the NYSDHR from June 2005 to May 2006.  See Exhibit A to Anspach Declaration ("Anspach Decl.") ¶4.  On May 12, 2006, less than one year later, he was terminated by the NYSDHR.  See, Exhibit A to Anspach Decl. ¶8 .  His claims are summarized as follows.

Plaintiff alleges that his termination was a denial of due process because his position with the NYSDHR created a property interest which could not be extinguished without a hearing pursuant to the State Civil Service Law.  However, plaintiff's position was a non-competitive job title that was exempt from the removal procedure set forth in Section 75 of the State Civil Service Law because it was a position which was considered confidential and/or required the performance of functions influencing policy.  See Exhibit B to Anspach Decl.  In addition, plaintiff alleges that because the NYSDHR terminated him for misconduct, including allegations of sexually harassing a female complainant who filed a complaint against her employer with the NYSDHR, and allegations of utilizing his subordinates at the NYSDHR to update his resume (see Exhibit A to Anspach Decl. ¶31), he also was entitled to a hearing to clear his name.  See Exhibit A to Anspach Decl. ¶33.

Plaintiff's third cause of action alleges retaliation discrimination under Title VII, 42 U.S.C. §2000e-3(a).  See Exhibit A to Anspach Decl. ¶40.  Plaintiff claims he was terminated as a result of complaining in writing to his supervisors about racial discrimination. See Exhibit A to Anspach Decl. ¶43.  The two writings identified, dated February 14, 2006 and April 14, 2006, are memoranda by plaintiff complaining about his performance evaluations and are void of any

2

complaint about or reference to racial discrimination.   See Exhibit C to Anspach Decl.

**ARGUMENT**

**Point I**

**THIS COURT LACKS SUBJECT MATTER
JURISDICTION OVER PLAINTIFF'S CLAIMS**

**A.  Eleventh Amendment Immunity Precludes this Action**

This Court lacks subject matter jurisdiction over plaintiff's §1983 Fourteenth

Amendment claims for monetary damages against the defendant because such claims are barred

by the Eleventh Amendment to the United States Constitution which provides sovereign

immunity for the States.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100

(1984); Kentucky v. Graham, 473 U.S. 159, 169 (1985)(a claim against a state agency is

considered a claim against the state and is barred by the Eleventh Amendment).  Similarly, the

Court should decline to hear plaintiff's state law claims alleging violations of State Human

Rights Law and violations of the State Civil Service Law because of Eleventh Amendment

immunity.  A plaintiff cannot seek monetary damages in federal court against the state for alleged

state law violations. Pennhurst State School and Hospital, 465 U.S. at 106.  A federal court may

not exercise its supplemental jurisdiction to the detriment of a state's sovereign immunity.  Id. at

117-124.  It is well established that New York and its agencies are protected by the Eleventh

Amendment.  Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990), cert. den.,

sub nom Wharton v. Dube, 501 U.S. 1211 (1991).

The Eleventh Amendment forbids suits by citizens against their state in federal court

unless the state has consented to suit or Congress has abrogated the state's sovereign immunity.

3

See, Bd. of Tr. of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).  Neither the State of

New York nor its agency, the Division of Human Rights, has consented to suit in federal court.

Agencies of the state, such as the NYSDHR, "are entitled to assert the state's Eleventh

Amendment immunity where for practical purposes the agency is the alter ego of the state and

the state is the real party in interest." (citations omitted), Santiago v. New York State Dep't of

Corr. Servs., 945 F.2d 25, 28 n.1 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992).  The

NYSDHR is entitled to assert the State's Eleventh Amendment immunity against all claims for

monetary relief absent an unequivocal waiver or abrogation thereof.  Benzo v. New York State

Division of Human Rights, 95-Civ-5362, 1997 U.S. Dist. LEXIS 901 at *32 (S.D.N.Y. Jan. 29,

1997), aff'd., 1998 U.S. App. LEXIS 2695 (2d Cir. Feb. 19, 1998); Clissuras v. EEOC, 89-Civ-

5869, 1990 U.S. Dist. LEXIS 8284 at *9 (S.D.N.Y. June 29, 1990), aff'd., 978 F.2d 706 (2d Cir.

1992)(New York State Division of Human Rights is a state agency and plaintiff's claims against

it barred by Eleventh Amendment); Ibrahim v. New York State Dep't of Health, 581 F. Supp.

228, 232 (E.D.N.Y. 1984), rev'd on other grds, 904 F.2d 161 (2d Cir. 1990)(New York State

Division of Human Rights is clearly part of the state and §1983 claims against it must be

dismissed).

**B.  No Viable Claims Exist Pursuant to 42 U.S.C. § 1983**[1]

Well established law holds that Congress did not abrogate the sovereign immunity of the

states by enacting 42 U.S.C. §1983. Quern v. Jordan, 440 U.S. 332, 342 (1979); Roper v. Hynes,

05 Civ 7664, 2006 U.S. Dist. LEXIS 69128 at *10-11 (S.D.N.Y. Sept. 27, 2006); Minotti v.

---

[1]Plaintiff references Section 1983 only in the Jurisdictional section of his Amended
Complaint (¶9), although his  Second Cause of Action appears to attempt to allege such a claim.

4

Lensink, 798 F.2d 607, 609 (2d Cir. 1986), cert. den., 482 U.S. 906 (1987).

Section 1983, a federal civil action for deprivation of one's rights, begins with the sentence, "[e]very *person* who, under color of any statute..."(emphasis added).  It is well settled that state agencies are not "persons" subject to suit for damages under 42 U.S.C. §1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under  1983."); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under §1983.")(citations omitted).  As a result, courts in this jurisdiction have uniformly dismissed 42 U.S.C. §1983 claims asserted against state agencies, such as the New York State Division of Human Rights, on these grounds.  See, e.g., Harris v. New York State Dep't of Health, 202 F. Supp. 2d 143, 178 (S.D.N.Y. 2002) (dismissing §1983 claims asserted against state agency because "neither the State nor its agencies qualify as 'persons' under  1983 ... [and] are not subject to suit under that statute").  Thus, any §1983 claims against the NYSDHR, which plaintiff appears to be asserting, should be dismissed for lack of subject matter jurisdiction.

**C.  No Claim Exists Pursuant to Section 75 of the State Civil Service Law**

Plaintiff is not entitled to the procedures set forth in Section 75 of the State Civil Service Law because his position is exempt from coverage:

> an employee holding a position in the non-competitive class *other than a position designated in the rules of the state or municipal civil service commission as confidential or requiring the performance of functions influencing policy*, who since his last entry into service has completed at least five years of continuous service in the non-

> competitive class in a position or positions not so
> designated in the rules as confidential or requiring
> the performance of functions influencing policy,
> or...

State Civil Service Law §75 (1)( c)(emphasis added).  Plaintiff is an appointee hired into a non-

competitive class.  <u>See</u> Exhibit A to Anspach Decl. ¶15.  However, plaintiff is excluded from

coverage because his job title is one of the "positions which are confidential or require the

performance of functions influencing policy." Civil Service Rules and Appendix, 4 NYCRR §2.2

and Appendix 2; <u>see</u> Exhibit B to Anspach Decl.  Even if plaintiff were not in a confidential or

policy influencing position, he still would not be entitled to Section 75 protection because he has

worked in his position for less than a year, and thus does not have the requisite "five years of

continuous service in the non-competitive class."  <u>See</u> §75(1)( c).  As such he does not have a

property interest in his job pursuant to the State Civil Service Law.  Thus the due process hearing

plaintiff states was unconstitutionally denied to him is not triggered by this statute.  <u>See</u> <u>Rigle v.</u>

<u>County of Onondaga</u>, 267 A.D.2d 1088, 1091, 701 N.Y.S.2d 222, 225 (4th Dep't 1999), <u>app. den</u>.

94 N.Y.2d 764, 708 N.Y.S.2d 53 (2000)(employee in a non-competitive class designated as

confidential and/or policy influencing was not entitled to a civil service hearing before his

termination).

       If plaintiff is not entitled to protection under Section 75 of the State Civil Service Law, a

federal court cannot provide such relief.  Federal due process claims cannot succeed where the

same relief would be denied under state law.  "This circuit looks to New York Civil Service Law

and the statutes which create a particular position...to determine whether a New York public

employee has a property interest in his position requiring that he be afforded a hearing before

6

termination.  See, e.g., O'Neill v. City of Auburn, 23 F.3d 685 (1994)."  Todaro v. Norat, 112

F.3d 598, 600 (2d Cir. 1997).

Plaintiff appears to allege that not only does the Civil Service law entitle him to a hearing

before being terminated, but also that he has a constitutional claim under §1983 to such a hearing

in order to clear his name because his reputation as well as his job were adversely impacted by

defendant's action in terminating his employment.  See Exhibit A to Anspach Decl. ¶¶ 33-36.

Although a reputational injury coupled with the loss of government employment may implicate a

constitutionally protected liberty interest, the Amended Complaint names no individual

defendants.  Since a §1983 claim cannot be maintained against the NYSDHR alone (see Will v.

Michigan Dep't of State Police, 491 U.S. at 71), plaintiff has no cause of action for a violation of

any liberty interest under the Due Process clause of the Constitution.

**Point II**

**THE AMENDED COMPLAINT<br>FAILS TO STATE A CLAIM<br>UPON WHICH RELIEF CAN BE GRANTED**

A plaintiff must provide enough facts to state a claim that is plausible on its face.  Bell

Atlantic Corp. v. Twombly et al., – U.S.– , 127 S. Ct. 1955, 1974 (2007)("Twombly").  In

Twombly the Court abandoned the familiar standard from Conley v. Gibson, 355 U.S. 41 (1957)

that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."    Twombly 127

S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46).  In its place the Court held that the Federal

Rule of Civil Procedure 8(a) requires more.  The complaint should "possess enough heft to 'show

that the pleader is entitled to relief.'" Twombly, 127 S. Ct. at 1966.

7

Twombly has been cited by the Second Circuit as establishing a rule of general applicability. See, ATSI Communications v. Shaar Fund, Ltd., 493 F.3d 87, 98 n.2 (2d Cir. 2007), Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).  In Iqbal, the Second Circuit concluded that Twombly creates "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Id. at 157-158.

Plaintiff's claim under Title VII alleges retaliation discrimination.  See Exhibit A to Anspach Decl. ¶40.  To show entitlement to relief pursuant to the retaliation provision of Title VII plaintiff must demonstrate that his employer (NYSDHR) took adverse action against him because he opposed a practice made unlawful under Title VII or because he participated in a proceeding or investigation pursuant to Title VII.  See 42 U.S.C. § 2000e-3(a); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).  The facts alleged in paragraphs 42-44 of the Amended Complaint (see Exhibit A to Anspach Decl.) are insufficient to state a claim against the NYSDHR for retaliation discrimination pursuant to Title VII.

Plaintiff states that the "correspondences dated February 14, 2006 and April 14, 2006" demonstrate retaliation discrimination because in those documents he complained of racial discrimination and threatened to file a formal complaint.  See Exhibit A to Anspach Decl. ¶¶43, 44.  The two documents identified say nothing about racial discrimination nor do they threaten a formal complaint.  The two documents are memoranda written by plaintiff, while he was employed, complaining about his performance evaluations.  The Court may take judicial notice of these documents (see Exhibit C to Anspach Decl.) because plaintiff relies on these documents to support his retaliation claim.  See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir.

8

2002)(because plaintiff relied heavily on documents outside the complaint in framing his complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).  Plaintiff's two memoranda (see Exhibit C to Anspach Decl.) are complaints by an employee regarding his performance evaluations and contain no reference to racially discriminatory acts or statements. Plaintiff is not complaining about protected activity under Title VII and thus his retaliation claim fails to meet the standards required for such a claim.  See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d at 714.

Retaliation discrimination under Section 296 of the State Human Rights Law is governed by the same principles that apply to Title VII, so if a cause of action fails to state a claim under Title VII it also fails pursuant to §296.  See, e.g., Ferrante v. American Lung Assn., 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 28 (1997); Torres v. Pisano, 116 F.3d 625, 629, n.1 (2d Cir 1997), cert. den., 522 U.S. 997 (1997).

Plaintiff's claims of retaliation discrimination by the NYSDHR fall short of Twombly's plausibility requirement in as much as he alleges no facts which would warrant relief.  Plaintiff fails to state enough facts in his complaint to plausibly support a claim upon which relief can be granted.[2]

---

[2]No cause of action nor facts are alleged for violations of 42 U.S.C.§§1981, 1985(3), which are set forth conclusorily in the Jurisdiction section of the Amended Complaint.

**CONCLUSION**

BECAUSE PLAINTIFF FAILS TO SHOW A BASIS FOR RELIEF
OF ANY KIND UNDER HIS VARIOUS THEORIES, THIS ACTION
SHOULD BE DISMISSED IN ITS ENTIRETY.

Dated: New York, New York
      April 18, 2008

                               Respectfully submitted,

                               ANDREW M. CUOMO
                               Attorney General of the
                                State of New York
                               <u>Attorney for Defendant</u>
                               By:
                               /s/ Susan Anspach
                               SUSAN ANSPACH (SA 6968)
                               Assistant Attorney General
                               120 Broadway, 24th Floor
                               New York, New York 10271
                               (212) 416-8548/8610

SUSAN ANSPACH
Assistant Attorney General
 <u>Of Counsel</u>

10