UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

EUGENE R. DANIELS, III

                Plaintiff,

-against-

STATE OF NEW YORK DIVISION OF HUMAN RIGHTS
                Defendant.

------------------------------------------------X

(JURY TRIAL DEMANDED)

Civ no.: 07-8007

ECF filing

AMENDED VERIFIED COMPLAINT

    Plaintiff, Eugene R. Daniels, III, by his attorney, Robin D. Aronson, Esq., alleges upon information and belief in his amended verified complaint the following:

## PARTIES

1) Plaintiff, Eugene R. Daniels, III is a resident of the State of New York.

2) Defendant, the State of New York Division of Human Rights is an agency that is located in the state of New York.

## FACTS

## FACTS

3) Plaintiff, Eugene R. Daniels, III was employed as the regional director of the Kings County Office of the New York State Division of Human Rights.

4) Plaintiff, Eugene R. Daniels, III was employed as regional director from June 2005 to May 2006.

5) Defendant, Edward Friedland was the Executive Deputy Commissioner for the New York State Division of Human Rights when plaintiff, Eugene R. Daniels, III was employed by the New York State Division of Human Rights.

6) Defendant, Michelle Cheney Donaldson was the Commissioner of the New York State Division of Human Rights when plaintiff, Eugene R. Daniels, III was employed by the New York State Division of Human Rights.

7) Based upon information and belief, the termination of plaintiff, Eugene R. Daniels, III was ordered by Commissioner, Michelle Cheney Donaldson and Executive Deputy Commissioner, Edward Friedland.

8) Michelle Heitzner apprised plaintiff of his termination in correspondence dated May 12, 2006 after his termination was ordered by Commissioner, Michelle Cheney Donaldson and Executive Deputy Commissioner, Edward Friedland.

## JURISDICTION

9) This Court has jurisdiction in this matter predicated upon the existence of a federal question pursuant to 28 U.S.C. § 1331 which affords district courts original jurisdiction in civil actions arising under the Constitution, Laws, or Treaties of the United States of America. This Court further has jurisdiction in this matter pursuant to 28 U.S.C. §1343, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3) as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166 and New York State Executive Law §296.

## VENUE

10) Venue is properly vested in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, since the

acts and/or omissions occurred in the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

11) Plaintiff "repeats," "realleges," and "reiterates," all allegations contained in paragraphs one through ten.

12) Plaintiff, Eugene R. Daniels, III was employed as regional director of the New York State Division of Human Rights from June 2005 to May 2006.

13) The 14th Amendment of the United States Constitution prevents deprivation of life, liberty, or property without due process of law.

14) To present a cognizable claim pursuant to the 14th Amendment of the United States Constitution, plaintiff must maintain a legitimate property interest.

15) Plaintiff maintained a legitimate property interest in his continued employment with the New York State Division of Human Rights based upon classifying his position as regional director as a non-competitive civil service employee.

16) Pursuant to New York Civil Service Law § 75, an accused can only be terminated for cause.

17) Specifically, pursuant to New York Civil Service Law § 75, plaintiff must receive notification of the allegations and afforded an opportunity to refute the allegations at a hearing.

18) Pursuant to New York Civil Service Law § 75, a non-competitive civil service employee must receive eight days to respond to allegations and a hearing establishing engagement in misconduct or incompetency prior to termination.

19) However, plaintiff, Eugene R. Daniels, III was only afforded three days to respond to the allegations of misconduct after he was apprised of the allegations on April 25, 2006 and subsequently, received correspondence dated May 1, 2006 advising he was required to respond to the allegations by April 28, 2006, three days after he was apprised of the allegations of misconduct.

20) Subsequently, Michelle Cheney Donaldson, the Commissioner of the New York State Division of Human Rights ordered plaintiff's termination on May 12, 2006.

21) As the Commissioner of the New York State Division of Human Rights, Michelle Cheney Donaldson acted under color of state law, as a representative of the state agency, the New York State Division of Human Rights when she ordered his termination.

22) As Commissioner of the New York State Division of Human Rights she was in a position to influence and enforce policy when effectuating his termination.

23) Plaintiff, Eugene R. Daniels, III was terminated from his position as regional director on May 12, 2006, prior to conduction of a hearing establishing his engagement in misconduct.

24) As a result, plaintiff's due process rights afforded pursuant to the 14th Amendment of the United States Constitution were violated.

25) As a direct and proximate result of defendant, New York State Division of Human Rights conduct, plaintiff sustained the following injuries: personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

## AS AND FOR A SECOND CAUSE OF ACTION

26) Plaintiff "repeats," "realleges," and "reiterates," all allegations contained in paragraphs one through twenty-five.

27) Plaintiff, Eugene R. Daniels, III was employed as the regional director of the New York State Division of Human Rights from June 2005 to May 2006.

28) Plaintiff maintained a cognizable liberty interest in his position as regional director for the New York State Division of Human Rights.

29) Commissioner, Michelle Cheney Donaldson acted under color of state law, as a representative of the state agency, the New York State Division of Human Rights when she ordered plaintiff's termination on May 12, 2006.

30) As Commissioner of the New York State Division of Human Rights, Michelle Cheney Donaldson was in a position to influence and enforce policy when she ordered his termination.

31) Michelle Cheney Donaldson ordered the termination of plaintiff, Eugene R. Daniels, III after he was accused of engaging in misconduct by utilizing his subordinates at the New York State Division of Human Rights to update his resume and accused of engaging in misconduct by sexually harassing a complainant, whom he allegedly assisted in filing a wrongful termination complaint against her former employer.

32) As a result of the allegations of misconduct, plaintiff, Eugene R. Daniels, III faced the possibility of being terminated from his position as regional director and destruction of his reputation.

33) Since plaintiff faced possible destruction of his reputation and termination from employment, the stigma plus test should be utilized, which requires conduction of a name-clearing hearing to permit refuting the allegations.

34) However, plaintiff was terminated by Michelle Cheney Donaldson on May 12, 2006, without conducting a name clearing hearing to afford him an opportunity to refute the allegations and ultimately, clear his name.

35) As a result, his reputation was tarnished after multiple newspapers published articles pertaining to his alleged misconduct after his termination.

36) Ultimately, plaintiff's due process rights were violated when he was not afforded a name clearing hearing prior to his termination.

37) As a direct and proximate result of the conduct of defendant, New York State Division of Human Rights plaintiff sustained the following injuries: personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION

38) Plaintiff "repeats," "realleges," and "reiterates," all allegations

30) As Commissioner of the New York State Division of Human Rights, Michelle Cheney Donaldson was in a position to influence and enforce policy when she ordered his termination.

31) Michelle Cheney Donaldson ordered the termination of plaintiff, Eugene R. Daniels, III after he was accused of engaging in misconduct by utilizing his subordinates at the New York State Division of Human Rights to update his resume and accused of engaging in misconduct by sexually harassing a complainant, whom he allegedly assisted in filing a wrongful termination complaint against her former employer.

32) As a result of the allegations of misconduct, plaintiff, Eugene R. Daniels, III faced the possibility of being terminated from his position as regional director and destruction of his reputation.

33) Since plaintiff faced possible destruction of his reputation and termination from employment, the stigma plus test should be utilized, which requires conduction of a name-clearing hearing to permit refuting the allegations.

34) However, plaintiff was terminated by Michelle Cheney Donaldson on May 12, 2006, without conducting a name clearing hearing to afford him an opportunity to refute the allegations and ultimately, clear his name.

35) As a result, his reputation was tarnished after multiple newspapers published articles pertaining to his alleged misconduct after his termination.

36) Ultimately, plaintiff's due process rights were violated when he was not afforded a name clearing hearing prior to his termination.

37) As a direct and proximate result of the conduct of defendant, New York State Division of Human Rights plaintiff sustained the following injuries: personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION

38) Plaintiff "repeats," "realleges," and "reiterates," all allegations

contained in paragraphs one through thirty-seven.

39) Plaintiff was appointed the regional director of the New York State Division of Human Rights.

40) Plaintiff was subjected to retaliatory discrimination pursuant to U.S.C. 2000(e)(3)(a).

41) Plaintiff was the only African American appointed as regional director during his employment at the New York State Division of Human Rights.

42) Plaintiff opposed the alleged discriminatory conduct of the New York State Division of Human Rights by filing informal complaints with the New York State Division of Human Rights where he accused the agency of engaging in discriminatory conduct.

43) In correspondences dated February 14, 2006 and April 14, 2006, plaintiff, Eugene R. Daniels, III, filed informal complaints with the New York State Division of Human Rights accusing the agency of racial discrimination and politically conspiring against him.

44) In the informal complaint dated April 14, 2006, plaintiff threatened to file a formal complaint if the racial discrimination continued to be facilitated and perpetuated.

45) On April 25, 2006, eleven days after plaintiff's last informal complaint was filed with the New York State Division of Human Rights, Commissioner, Michelle Cheney Donaldson informed plaintiff at a meeting held at the New York State Division of Human Rights where employees, Michelle Heitzner, Martha Furlong, and Darryl Fox were present, that he was accused of engaging in misconduct by utilizing his subordinates to update and photocopy his resume.

46) Plaintiff was also advised by Michelle Cheney Donaldson at the April 25, 2006 meeting, that he was being accused of sexually harassing a women whom he assisted in filing a wrongful termination complaint against her former employer.

47) Plaintiff was further advised at the April 25, 2006 meeting by Michelle Cheney Donaldson that he would be afforded a reasonable opportunity to respond to the allegations of misconduct.

48) However, subsequently, plaintiff received correspondence dated May 1, 2006 from the New York State Division of Human Rights, first apprising him that a reasonable opportunity to respond to the allegations was three days, when New York Civil Service Law § 75, required eight

days.

49) No hearing was conducted prior to his termination on May 12, 2006, to establish his engagement in misconduct as required pursuant to New York Civil Service Law § 75.

50) Ultimately, plaintiff was subjected to an adverse employment decision after he was terminated from his position as regional director of the New York State Division of Human Rights.

51) As a direct and proximate result of the conduct of defendant, New York State Division of Human Rights plaintiff sustained the following injuries: personal injuries, lost earnings, will incur lost earnings in the future, pain and suffering, will incur future pain and suffering, emotional distress, and will incur future emotional distress.

WHEREFORE, plaintiff demands the following relief:

1) Compensatory damages in this matter.

2) Costs in this matter pursuant to 42 U.S.C. § 1988.

3) Back pay

4) Reasonable attorney fees pursuant to 42 U.S.C. § 1988.

5) Reinstatement to his position as regional director at the New York State Division of Human Rights.

6) For such other and further relief as this Court deems just and proper under the circumstances and in the interests of justice.

Dated: March 20, 2008
Great Neck, New York

Robin Aronson (RA4309)
30 Bayside Terrace
Great Neck, New York 11023
(516) 482-3951

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EUGENE R. DANIELS, III

                Plaintiff,        Civ No.: 07-8007

                                    VERIFICATION

  -against-

THE NEW YORK STATE DIVISION
OF HUMAN RIGHTS

                Defendant.
-----------------------------------X

    I, Robin D. Aronson, swears under penalty of perjury the following:

    I am the plaintiff attorney in the above-referenced matter. I have read and reviewed the annexed amended verified complaint and the statements contained in the complaint are true to the best of my knowledge except as to those matters which are based upon information and belief and believed to be true. This verification is being submitted on plaintiff's behalf since he recently had a stroke and has difficulty executing his signature:

Dated: March 20, 2008
       Great Neck, New York

                                                 Robin D. Aronson