```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
EUGENE R. DANIELS, III      Original filed ECF


                            Docket no.: 07-Civ-8007(WHP)

            Plaintiff,      DECLARATION IN OPPOSITION
                            TO DEFENDANT'S MOTION
                            TO DISMISS PLAINTIFF'S
                            AMENDED COMPLAINT



        -against-


NEW YORK STATE DIVISION OF
HUMAN RIGHTS


            Defendant.
----------------------------------------X
```

ROBIN D. ARONSON, ESQ., an attorney duly licensed to practice law before this Court declares under penalty of perjury the following:

1) I am the attorney for the plaintiff, Eugene R. Daniels, III in the above-referenced matter.

2) Pursuant to 28 U.S.C. § 1746, under penalty of perjury, the statements contained in this Declaration are true and correct.

3) This Declaration dated May 16, 2008, is submitted in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint since plaintiff stated a claim upon which relief could be granted in plaintiff's amended complaint predicated upon a possible violation of a liberty interest and retaliation.

4) Plaintiff was appointed regional director of the Kings County Office of the New York State Division of Human Rights in June 2005.

4) Plaintiff was employed as the regional director of the New York State Division of Human Rights from June 2005 to May 2006.

5) In correspondences dated February 14, 2006 and April 16, 2006, plaintiff contested his performance evaluation and accused the New York State Division of Human Rights of engaging in discriminatory conduct. Please reference Defendant's Exhibit B.

6) Defendant references the February 14, 2006 and April 16, 2006 correspondences in paragraph four of Defendant's Declaration. However, Defendant, solely addresses plaintiff's performance evaluation, and does not address that irregardless of the subject heading of the correspondences, these correspondences accuse the New

York State Division of Human Rights of engaging in and facilitating discrimination.

7) Subsequently, plaintiff advised his supervisor, Darryl Fox that he would file a formal complaint if the discriminatory conduct continued.

8) Subsequently, on May 12, 2006, plaintiff was terminated from his position as regional director of the New York State Division of Human Rights.

9) Plaintiff was terminated from the New York State Division of Human Rights less than a month after his most recent complaint which asserted the New York State Division of Human Rights engaged in discriminatory conduct and less than three months after he initially accused the New York State Division of Human Rights of engaging in discriminatory conduct.

10) Subsequently, plaintiff filed a charge with the Equal Employment Opportunity Commission, one of the allegations was he was realiatory discharged in violation of Title VII, 42 U.S.C. 2000(e), allegations that were subsequently asserted in plaintiff's amended complaint. Please refer to Defendant's Exhibit A.

11) Defendant's Motion to Dismiss Plaintiff's Amended Complaint should be denied since plaintiff stated a cause

of action for which relief could be granted predicated upon retaliation and a possible liberty interest violation. Plaintiff complained about the discriminatory conduct, subsequently, he was terminated in close proximity to accusing the New York State Division of Human Rights of engaging in discriminatory conduct, to sufficiently plead a cause of action based upon retaliation. Further, defendant contends he was terminated for engaging in misconduct, plaintiff contends he was terminated based upon retaliatory discharge, therefore, this is a genuine question of fact regarding the basis for plaintiff's termination that requires resolution by trial.

W H E R E F O R E, based upon plaintiff's opposition to defendant's motion to dismiss plaintiff's amended complaint, declaration in opposition to defendant's motion to dismiss plaintiff's amended complaint, plaintiff's affidavit in opposition to defendant's motion to dismiss plaintiff's amended complaint, plaintiff requests this Court deny defendant's motion to dismiss plaintiff's amended complaint and grant such other and further relief

as this court deems just and proper.

_____
\s
Robin D. Aronson (RA4309)