```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
EUGENE R. DANIELS, III

                              Docket no.: 07-Civ-8007(WHP)

        Plaintiff,            AFFIDAVIT IN OPPOSITION
                              TO DEFENDANT'S MOTION TO
                              DISMISS
        -against-


NEW YORK STATE DIVISION OF
HUMAN RIGHTS



        Defendant.
----------------------------------------X
```

EUGENE R. DANIELS, III, the plaintiff in this matter swears under penalty of perjury the following:

1) I am the Plaintiff in the above-captioned matter.

2) Plaintiff submits this affidavit in opposition to defendant's motion to dismiss plaintiff's amended complaint.

3) Pursuant to 28 U.S.C. § 1746, I hereby declare the information contained in this Affidavit are true and based upon personal knowledge, except the matters which are asserted to be based upon information and belief.

4) Defendant contends there are no genuine issues of

material fact to be tried, however; I contend there are several issues of material fact that require resolution by trial. Neither myself or defendant contest I was terminated by the New York State Division of Human Rights. However, there is a genuine issue of material fact regarding the basis for my termination from my position as regional director of the New York State Division of Human Rights. Defendant contends I was terminated for engaging in misconduct, however, my termination coincidentally occurred less than thirty days after my April 14, 2006 correspondence was submitted to the New York State Division of Human Rights where I accused the agency of engaging in discriminatory conduct, which occurred less than three months after my initial correspondence dated February 14, 2006 was submitted to the New York State Division of Human Rights accusing the agency of engaging in discriminatory conduct. Further, there is a question of fact regarding whether my liberty interests were violated as a result of being terminated and being subjected to stigmatizing statements made by employees of the New York State Division of Human Rights regarding my termination.

5) I am an African American male, and a member of a

protected class.

6) I was appointed regional director of the New York State Division of Human Rights by Governor Pataki in June 2005.

7) I remained employed as the regional director of the New York State Division of Human Rights from June 2005 to May 2006.

8) During my tenure, no other African American was appointed regional director in any Office of the New York State Division of Human Rights.

9) In correspondence dated February 14, 2006, I contested my performance evaluation and accused the New York State Division of Human Rights of engaging in misconduct. Please refer to Defendant's Exhibit C.

10) Subsequently, in correspondence dated April 14 2006, I again alleged the New York State Division of Human Rights engaged in discriminatory conduct.

11) In my April 14, 2006 correspondence, I also informed the New York State Division of Human Rights, I would formally file a complaint against the New York State Division of Human Rights if its discriminatory conduct failed to cease. Please refer to Defendant's Exhibit C.

12) Subsequently, a meeting was conducted on April 25,

2006, where I was advised by Martha Furlong, Darryl Fox, Michelle Heitzner, Edward Friedland, and Michelle Cheney Donaldson that I was being investigated by the New York State Division of Human Rights for engaging in misconduct after an undisclosed complainant accused me of sexually harassing her while I was assisting her in filing a complaint with the New York State Division of Human Rights against her former employer for wrongful termination.

13) During the April 25, 2006 meeting, I was informed by Martha Furlong, Darryl Fox, Michelle Heitzner, Edward Friedland, and Michelle Cheney Donaldson, I would be afforded a reasonable opportunity to retain an attorney to contest the allegations submitted by complainant.

14) In particular, at the April 25, 2006 meeting I specifically, requested conduction of a hearing to contest the allegations of misconduct.

15) However, subsequently, I received correspondence dated May 1, 2006, where I was advised that I had not responded to the allegations of misconduct as required between April 27, 2006 - April 28, 2006.

16) However, I was never advised I was required to respond to these allegations of misconduct between April

27, 2006- April 28, 2006 as the New York State Division of Human Rights claims.

17) Additionally, at the April 25, 2006 meeting, I was advised I would be immediately transferred to the Bronx County Office of the New York State Division of Human Rights.

18) When I was transferred to the Bronx County Office of the New York State Division of Human Rights, I was denied phone access and required to report to my subordinates.

19) I was terminated from my position as regional director on May 12, 2005.

20) Prior to my termination, no hearing was conducted to permit refuting complainant's allegations and no name clearing hearing was conducted to permit myself to establish the material falsity of the statements made by employees of the New York State Division of Human Rights.

21) Since the publication of these stigmatizing statements by employees of the New York State Division of Human Rights, my business reputation was destroyed.

22) As a result of the publication of these stigmatizing statements, it has not been feasible for me

to obtain employment.

23) After I was terminated, I again drafted correspondence to the New York State Division of Human Rights dated June 2006, and again reiterated that the New York State Division of Human Rights continued to engage in discriminatory conduct.

24) Subsequently, a charge was filed with the EEOC alleging a violation of my due process rights and alleging I was retaliatory discharged by the New York State Division of Human Rights.

No prior application for this relief has been requested.

W H E R E F O R E, plaintiff prays for entry of an Order consistent with the requested relief.

Duty sworn this 16th day
of May, 2008

*Charlene C. Daniels*

Notary Public

*Eugene R. Daniels III*
_____
Eugene R. Daniels, III

CHARLENE C. DANIELS
Notary Public, State of New York
No. 02DA6152392
Qualified in New York County
Commission Expires September 11, 2010