MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Preliminary Statement

This affirmation is submitted in opposition to defendant's motion to dismiss plaintiff's amended complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A charge was filed preliminarily with the EEOC alleging plaintiff's due process rights were violated and he was subjected to retaliatory discharge by the New York State Division of Human Rights when he was terminated from his position as regional director of the New York State Division of Human Rights. Subsequently, an action was commenced in this Court where plaintiff alleged his due process rights were violated pursuant to New York Civil Service Law § 75, his liberty interests were violated when stigmatizing statements were disseminated by employees of the New York State Division of Human Rights in violation of the 5th Amendment to the United States Constitution, and alleging he was retaliatory discharged in violation of New York State Human Rights Law § 296, and 42 U.S.C., Title VII, § 2000(e) to pursue money damages and reinstatement of his position at the New York State Division of Human Rights.

The annexed Memorandum of Law is submitted in support of plaintiff's opposition to defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

Standard of Review

.

In job discrimination cases, courts are hesitant to grant summary judgment if issues of motive or intent are involved. Evans v. Technologies Applications & Service Co., 80 F.3d 954, 34 Fed. R. Serv. 3d 1033 (4th Cir. 1996) ; Jones v. Western Geophysical Co. of America, 669 F.2d 280 (5th Cir. 1982) ; Hong v. Children's Memorial Hosp., 993 F.2d 1257, 37 Fed. R. Evid. Serv. 1332 (7th Cir. 1993) ; Gifford v. Atchison, Topeka and Santa Fe Ry. Co., 685 F.2d 1149 (9th Cir. 1982) ; Romero v. Union Pac. R.R., 615 F.2d 1303 (10th Cir. 1980) ; Batey v. Stone, 24 F.3d 1330 (11th Cir. 1994) ; Jolley v. Phillips Educ. Group of Central Florida, Inc., 71 Fair Empl. Prac. Cas. (BNA) 916, 1996 WL 529202 (M.D. Fla. 1996) ; DePriest v. Seaway Food Town, Inc., 543 F. Supp. 1355 (E.D. Mich. 1982) ; Mendoza v. SSC&B Lintas, New York, 68 Fair Empl. Prac. Cas. (BNA) 100, 1995 WL 152545 (S.D. N.Y. 1995) . Summary judgment is infrequently granted because in such cases, as here, genuine issues of fact usually exist. Jones v. Western Geophysical Co. of America, 669 F.2d 280 (5th Cir. 1982).

In an employment discrimination case, factors such as the defendant employer's credibility, the timing of the employee's dismissal, and the employer's treatment of the employee can raise an inference of pretext that make summary judgment for the employer inappropriate. Josey v. John R. Hollingsworth Corp., 996 F.2d 632 (3d Cir. 1993). The summary judgment standard is to be applied rigorously in employment discrimination cases because, as in the case at bar, intent and credibility are frequently crucial issues. Wohl v. Spectrum Mfg., Inc., 94 F.3d 353 (7th Cir. 1996) . Accordingly, summary judgment is not proper and should be denied in the instant matter where: the plaintiff has established

a *prima facie* case of discrimination, but the employer has produced evidence of a nondiscriminatory reason for the action ( Lewis v. AT & T Technologies, Inc., 691 F. Supp. 915 [D. Md. 1988] ); the intent behind the performance evaluations that were the basis of the defendant employer's actions is in question ( Polley v. Federal Reserve Bank of New York, 67 Fair Empl. Prac. Cas. [BNA] 715, 1994 WL 465923 [S.D. N.Y. 1994] ); the plaintiff has clearly produced more than a mere *scintilla* of evidence that the employer's motive for the adverse action was illegitimate ( Flavel v. Svedala Industries, Inc., 868 F. Supp. 1422 [E.D. Wis. 1994] ).

Counter-Statement of Facts

Plaintiff was employed as the regional director of the Kings County New York State Division of Human Rights from June 2005 to May 2006. On February 14, 2006, plaintiff submitted correspondence to the New York State Division of Human Rights, contesting his performance evaluation and accusing the New York State Division of Human Rights of engaging in discriminatory conduct. Subsequently, in correspondence dated April 14, 2006, he again accused the New York State Division of Human Rights of engaging in discriminatory conduct.

On April 25, 2006, plaintiff was informed by Michelle Cheney Donaldson, Michelle Heitzner, Darryl Fox, and Edward Friedland he was being investigated for allegedly engaging in misconduct. He was informed he would be afforded a reasonable opportunity to retain an attorney. However, he was never afforded an opportunity to retain an attorney to contest the allegations informally or formally at a hearing. As a result of his investigation and termination, stigmatizing statements were publicly disseminated by employees of the New York State Division of Human Rights before he was afforded a name clearing hearing to enable him to prove the material falsity of the statements. Plaintiff

3

was terminated on May 12, 2006, within three months of his initial complaint to the New York State Division of Human Rights and less than a month after he submitted his second informal complaint to the New York State Division of Human Rights contending he was treated discriminatorily.

Subsequently, he filed a charge with the EEOC in November 2006 and then subsequently, commenced this action before this Court alleging his due process rights were violated pursuant to New York Civil Service Law § 75, a violation of his liberty interests pursuant to the 5th Amendment, and he was retalitorily discharged in violation of New York State Executive Law § 296 and Title VII of 42 U.S.C. 1983.

ARGUMENT

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DENIED SINCE THE REASON PROFFERED BY DEFENDANTS FOR PLAINTIFF'S TERMINATION WAS PRETEXTUAL

In order for federal courts to obtain supplemental jurisdiction over a Title VII claim, including a retaliation claim, a condition precedent to commencement of suit in federal court, a charge must be filed with the equal employment opportunity commission. However, courts also can obtain supplemental jurisdiction over claims which are "reasonably related" to the charge initially filed with the EEOC. Butts v. City of New York Dep't of House Preservation & Dev, 990 F.2d 1397, 1401 (2d Cir. 1993) (citing Stewart v. United States Immigration and Naturalization Serv., 762 F.2d 193, 198 (2d Cir. 1985).

A retaliation claim is analogized pursuant to the three-part burden shifting test of McDonnell Douglas Corp.v. Green, 411 U.S. 792 (1973). Initially, the plaintiff must establish a prima facie

retaliation claim. McDonnell Douglas Corp., 411 U.S. at 802; citing Holt, 95 F.3d 123, 129 (1996), which is established when a person participated in a protected activity that the defendant was cognizant of, protected activity is defined as "any action taken to protest or oppose discrimination prohibited by . . . statute." 42 U.S.C. § 2000e-3, Cruz, 202 F.3d at 566, which includes filing informal complaints. Tompka, 66 F.3d at 1308 (citing Kotcher v. Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59, 65 (2d Cir. 1992)); Dortz v. City of New York, 904 F. Supp. 127, 157 (S.D.N.Y. 1995) (citing Lambert v. Geneese Hosp., 10 F.3d 46, 55 (2d Cir. 1993), cert. Denied, 114 S. Ct. 1612 (1994); Sumner v. United States Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990)), 2) defendant subjected plaintiff to an adverse employment action, and 3) a causal connection existed between the protected activity and the adverse employment action. Donato, 96 F.3d at 633-34 (quoting Tomka, 66 F.3d at 1308); Holt, 95 F.3d at 130 **?**; Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996)  The third prong, casual connection, can be established if the protected activity was "followed closely in time to the adverse action," Reed, 95 F.3d at 1178, Tomka, 66 F.3d at 1308, "or through disparate treatment of employees whom engaged in similar conduct, or by direct evidence of retaliation. If plaintiff establishes a prima facie retaliation claim, the burden shifts to defendant to produce a legitimate, nonretaliatory reason for the adverse employment action. McDonnell Douglas Corp., 411 U.S. at 804; Tomka, 666 F.3d at 1308.  If the defendant satisfies the burden of production, the burden shifts to plaintiff to establish the reason proffered by the employer was "pretextual". McDonnell Douglas Corp., 411 U.S. at 804, Tomka 666 F.3d at 1308.

  Additionally, the Court in Dominic v. Consolidated Edison Company, 822 F.2d 1249, 1255 (2d Cir. 1987), held prior dissatisfaction with an employee's performance does not preclude establishment of retaliation. The Second Circuit noted, "evidence of prior dissatisfaction (with an

5

employee's performance ) is ... present in virtually every case in which a claim for retaliation is made... (and the) prohibition of retaliation would thus be meaningless if such evidence precluded a jury from finding retaliation.

When ruling on a motion to dismiss, the factual allegations of the complaint must be taken as true, and any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the plaintiff regarding a motion to dismiss.   Scheuerer v. Rhodes, 416 U.S. 232, 236 (1979);(W)hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion, quoting Garcia v. Lewis, No. 05 Civ. 1153, 2005 WL 1423253, at *3 (S.D.N.Y. June 16, 2005); U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) and the Court may consider documents referenced in the complaint, documents that are in plaintiff's possession or that plaintiffs were cognizant of and relied upon for purposes of commencing suit.  On a motion to dismiss, a reasonable inference of a casual connection is all that is required.  See Posr v. Court Officer.

In the case at bar, plaintiff, filed a charge with the EEOC in November 2006 alleging the New York State Division of Human Rights, its agents, and employees retalitorily discriminated against him while he was employed as the regional director of the New York State Division of Human Rights, as a condition precedent to commencement of suit in federal court.

Further, the first prong of a retaliation claim was satisfied since he was participating in a protected activity, when he refuted his performance evaluation, and accused the New York State Division of Human Rights of engaging in discriminatory conduct in correspondences dated February 2006 and April 2006, and pursuant to Tompka, informal complaints constitute protected activity, 2) to satisfy the second element of a retaliation claim, plaintiff must have been subjected to an adverse employment decision, and here plaintiff was, since he was terminated by the New York State Division of Human Rights, 3) there must be a casual connection between the adverse employment decision and the protected activity to satisfy the third element of retaliation, and here, there was a close casual connection between the adverse employment decision, plaintiff's termination and the registration of plaintiff's complaint, less three months after he registered his first informal complaint and less than a month after he registering his second informal complaint in April 2006, and pursuant to Tompka, the close proximity between the adverse employment decision and participation in the protected activity, creates an inference of discrimination. While the burden shifts to defendant to proffer a legitimate reason for the adverse employment decision, here, plaintiff's termination, defendant claims he was terminated for engaging in misconduct, the burden shift's to plaintiff to establish the reason proffered for plaintiff's termination was pretexual. Plaintiff contends the reason proffered by the New York State Division of Human Rights was pretextual predicated upon the close proximity between plaintiff's engagement in the protected activity, registering complaints with the New York State Division of Human Rights ad plaintiff's termination, the New York State Division of Human Rights failure to afford plaintiff a reasonable opportunity to retain an attorney as promised at the April 25, 2006 meeting, no documentation was supported to substantiate the allegations of

misconduct prior to plaintiff's termination, the Attorney General's Report that was ultimately, surrendered dated May 18, 2006, six days after plaintiff was terminated, which was surrendered post-termination, not pre-termination. As a result, it can be inferred that the New York state division of human rights discriminated plaintiff and utilized the allegations of misconduct as a pretext to discriminate against plaintiff..

      Further, pursuant to Dominic, the fact that plaintiff's most recent performance evaluation was negative, does not preclude succeeding in a retaliation claim..

Lastly, defendant's motion for summary judgment should be denied if defendant's motion were converted to a summary judgment motion. Summary judgment must be denied when a question of fact is presented which requires resolution by a jury, the fact finder. While plaintiff participated in protected activity when he informally complained to the New York State Division of Human Rights regarding the agencies discriminatory conduct, and formally accused the agency of engaging in discrimiantory conduct after plaintiff filed a charge with the EEOC alleging that he was retaliatory discharged by the New York State Division of Human Rights, he subsequently was terminated by his position as regional director of the New York State Division of Human Rights, d his termination occurred in close proximity to his engagement in protected activity, there is a question of fact regarding the basis for plaintiff's termination since defendant, New York State Division of Human Rights claims that he was terminated for engaging in misconduct, by sexually harassing a female complainant whom he assisted in filing a complaint against her former employer with the New York State Division of Human Rights and improperly utilizing Human Rights Specialist One and Keyboard Specialist One, to duplicate his resume, compile a voter registration list and distribute campaign literature. in filing a complaint with the New York State Division of

Human Rights against her former employer alleging wrongful termination and additionally alleging he improperly utilized his subordinates at the New York State Division of Human Rights to photocopy his resume, update his resume, and compile and photocopy voter registration lists for his assembly campaign, there is a question of fact regarding the basis for his termination, since plaintiff is alleging he was terminated by the New York State Division of Human Rights as a form of discrimination, while the New York State Division of Human Rights claims he was terminated as a result of his engagement in misconduct. The close proximity between plaintiff's engagement in protected activity, complaining of discrimination and his termination, coupled by the fact that he was prohibited from retaining an attorney to refute the allegations of misconduct even though he was informed at the April 25, 2006 meeting that he would be afforded an opportunity to retain an attorney, then plaintiff subsequently received correspondence dated May 1, 2006, insinuating that reasonable time to retain an attorney and respond to allegations was less than three days, since the correspondence advised him must have responded between April 27-April 28, 2006 which he was granted less than three days to retain an attorney to respond to the allegations of misconduct, where the New York State Division of Human Rights stated he was cognizant that he was to respond to these allegations by April 28, 2006, but plaintiff contends he was never informed that reasonable time equated to requiring a response by April 28, 2006, the Attorney General Report regarding the allegations of misconduct were not surrendered pre-termination, but were surrendered post-termination, when he was transferred to the Bronx County Office of the New York State Division of Human Rights he was denied phone access and suddenly required to report to his subordinates. Therefore, there is a question of fact regarding the reasons for his termination since an inference of discrimination was presented.

## DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED SINCE PLAINTIFF STATED A CAUSE OF ACTION PREDICATED UPON ESTABLISHING HE WAS SUBJECT TO AN ADVERSE EMPLOYMENT DECISION AND SUBJECTED TO PUBLICATION OF STIGMATIZING STATEMENTS PRIOR TO AFFORDING HIM AN OPPORTUNITY TO ESTABLISH THE FALSITY OF THE STATEMENTS

"Where a liberty interest, such as a person's good name, reputation, honor or integrity is at state because of government action, notice and an opportunity to be heard are essential." Board of Regents v. Roth, 408 U.S. 564, 573, (1972); Perri, 724 F.2d at 367 (1983). In particular, "a stigma to his reputation plus some concomitant infringement of a protected right or interest must be applicable in order to sustain a violation of a person's liberty interest." Paul v. Davis, 424 U.S. 693, 701, 709, 96 (1976), referred to as the "stigma plus test." Laurence H. Tribe, American Constitutional Law, 701 (2d Ed. 1988) The Supreme Court's explanation of Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 (1972) in Paul seems to imply that the requisite "plus" may be less than a property interest, where Owens v. City of Independence, 445 U.S. 622, (1980). If (his) professional reputation was stigmatized by the discharge, the well-settled remedy "mandated by the Due Process Clause of the (Fifth) Amendment is an 'opportunity to refute the charge.'" Codd v. Velger, 429 U.S. 624, 627, (1977) (quoting Board of Regents v. Roth, 408 U.S. 564, 573, (1971)); See Opinion at 5. A liberty interest can be violated when termination may result in "seriously damaging his standing and associations in his community" or a stigma or disability resulted when his freedom

10

to take advantage of other employment opportunities resulted." Bd of Regents v. Roth, 408 U.S. 564, 573, (1972); Longarzi v. Anker, 578 F.2d 469, 472 (2d Cir. 1978). See id. at nn. 10, 13 or government action to infringe upon the "reputation, honor, or integrity" of an individual, that government action must involve a publication that is substantially and materially false. Codd v. Velger, 429 U.S. 624, 627-29, (1977); Fraternal Order of Police Lodge No. 5 v. Tucker, 868 F.2d 74, 82 (3d Cir. 1989). (Add in prove false)

In ruling on a motion to dismiss, plaintiff must provide enough facts to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, et al., _ U.S._, 127 S. Ct. 1955, 1974 (2007) or alternatively, when determining the basis for denying or granting summary judgment, all ambiguities and reasonable inferences are held against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962))**;** see also Gallo, 22 F.3d at 1223. The Court in Certkova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 87 (2d Cir. 1996), stated that a court should be "wary" in granting summary judgment since an employer's intent is usually at issue. Therefore, the Court must determine whether a genuine issue of material fact was presented which requires resolution by trial. Sutera v. Schering Corp., 73 F.3d 13, 15-16 (2d Cir. 1995). In particular, "the court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist." See Gallo v. Prudential Residential Servs.,M L.P., 22 F.3d 1219, 1224 (2d Cir. 1994).

In this matter, pursuant to Board of Regents, after he was advised that he was being investigated for misconduct and he faced the possibility of his business reputation being besmirched, by the New York State Division of Human Rights, for being accused of engaging in misconduct and possibly terminated from his position as regional director, he should have been an opportunity to be heard. His liberty interest was activated since he was subjected to stigmatizing statements made by employees from the New York State Division of Human Rights since they made statements regarding his allegations of misconduct to several newspaper reporters who conducted interviews of his employees which ultimately were quoted in various newspapers in New York, coupled with his interest in his continued employment at the New York State Division of Human Rights, he was exposed to a stigma plus. Pursuant to Paul's interpretation of Roth, a liberty interest can be violated even if he does not have a protected property interest in his employment, which would be established though state law, in particular, New York Civil Service Law § 75, which affords civil service employees due process of law if certain criteria are established. statements regarding an employee's termination are disseminated, the statements have the effect of permanently stigmatizing the employee and causing a permanent obstruction to employability and permanent destruction of reputation. Since his reputation was stigmatized he should have been afforded a name clearing hearing to attempt to clear his name to attempt to prove the substantial and material falsity of the statements since the dissemination of these statements regarding the allegations of misconduct could potentially destroy his reputation and render him un employable.

## CONCLUSION

WHEREFORE, PLAINTIFF SEEKS DENIAL OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND GRANT SUCH OTHER AND FURTHER RELIEF THIS COURT DEEMS JUST AND PROPER.

Dated: Great Neck, New York
May 16, 2008

Respectfully submitted,

_____
/s
Robin D. Aronson (RA4309)
Attorney for Plaintiff
Eugene R. Daniels, III
30 Bayside Terrace
Great Neck, New York 11023
(516) 482-3951