UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EUGENE R. DANIELS, III,

                         Plaintiff,

    -against-

NEW YORK STATE DIVISION OF HUMAN
RIGHTS,

                         Defendant.

----------------------------------------------------------------x

Original Filed by ECF

Docket No.: 07-Civ-8007 (WHP)

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

                      ANDREW M. CUOMO
                      Attorney General of the
                       State of New York
                      <u>Attorney for Defendant</u>
                      120 Broadway, 24th Floor
                      New York, New York 10271
                      (212) 416-8548/8610

SUSAN ANSPACH
Assistant Attorney General
 <u>Of Counsel</u>

## TABLE OF CONTENTS

                                                              **Page**

TABLE OF AUTHORITIES ............................................................................................... ii

Preliminary Statement ......................................................................................................... 1

ARGUMENT       THE AMENDED COMPLAINT SHOULD BE
                           DISMISSED BECAUSE PLAINTIFF FAILS
                           TO ESTABLISH ANY VIABLE CLAIMS ................................... 2

I.      Plaintiff's Amended Complaint does not provide sufficient facts to establish
        a plausible retaliation claim ................................................................................... 2

II.     Plaintiff's facts are legally insufficient to establish a Due Process
        Fourteenth Amendment claim ................................................................................ 5

CONCLUSION ................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**                                                                                                         Page

Bell Atlantic Corp. v. Twombly et al.,
    --U.S.--, 127 S. Ct. 1955 (2007) ................................................................................. 5

Butts v. N.Y. Dep't of Housing Preservation & Dev.,
    900 F.2d 1397 (2d Cir. 1993) ................................................................................. 4

Chambers v. Time Warner,
    282 F.3d 147 (2d Cir. 2002) ................................................................................... 2

Codd v. Velger,
    429 U.S. 624 (1977) ............................................................................................... 6

Gentile v. Wallen,
    562 F.2d 193 (2d Cir. 1977) ................................................................................... 6

Holt v. KMI-Continental,
    95 F.3d 123 (2d Cir. 1996), cert. den., 520 U.S. 1228 (1997) ........................... 2, 3

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) ................................................................................... 5

Kotcher v. Rosa & Sullivan Appliance Ctr, Inc.,
    957 F.2d 59 (2d Cir. 1992) ................................................................................. 2, 3

Mangiafico v. Blumenthal,
    471 F.3d 391 (2d Cir. 2006) ................................................................................... 2

Neu v. Corcoran,
    869 F.2d 662 (2d Cir. 1989), cert. den., 493 U.S. 816 (1989) ............................... 6

Paul v. Davis,
    424 U.S. 693 (1976) ........................................................................................... 5, 6

Sadallah v. City of Utica,
    383 F.3d 34 (2d Cir. 2004) ..................................................................................... 6

Tomka v. Seiler Corp.,
    66 F.3d 1295 (2d Cir. 1995) ................................................................................... 3

Van Zant v. KLM Royal Dutch Airlines,
    80 F.3d 708 (2d Cir. 1996) .................................................................................... 3

Will v. Michigan Dep't of State Police,
    491 U.S. 58 (1989) .................................................................................................. 5

United States Constitution
    Fourteenth Amendment ................................................................................. 2, 5, 7

**Federal Statutes**

42 U.S.C. §1983 .................................................................................................... 2, 5
42 U.S.C. §2000e et seq ("Title VII") ..................................................................... 1, 4, 7
42 U.S.C. §2000e-3(a) ........................................................................................... 2, 3, 5

**Federal Rules of Civil Procedure**

Rule 8(a)(2). . . ...........................................................................................................5
Rule 12(b)(1) ............................................................................................................. 1
Rule 12(b)(6) ......................................................................................................... 1, 2
Rule 56 ..................................................................................................................... 2

UNITED STATES DISTRICT COURT  Original Filed by ECF
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EUGENE R. DANIELS, III,

                Plaintiff,

                                          No.: 07-Civ-8007 (WHP)

   -against-

NEW YORK STATE DIVISION OF HUMAN
RIGHTS,

                Defendant.

------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

**Preliminary Statement**

Defendant the New York State Division of Human Rights ("NYSDHR") respectfully submits this memorandum of law in reply to plaintiff's response to defendant's motion to dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Plaintiff's response suggests that defendant's motion be treated as one for summary judgment and cites case law to support that standard in deciding the instant motion. Defendant disagrees that its motion should be treated as such because defendant submits that the issue is not about facts in dispute in plaintiff's Amended Complaint but insufficient facts to support his causes of action under either Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e et seq ("Title VII") or the Due Process

1

Clause of the Fourteenth Amendment to the U.S. Constitution brought under 42 U.S.C. § 1983.[1]

## ARGUMENT

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ESTABLISH ANY VIABLE CLAIMS

**I.   Plaintiff's Amended Complaint does not provide sufficient facts to establish a plausible retaliation claim**

To establish a retaliation claim under Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a), plaintiff first needs to identify an unlawful practice under Title VII that he opposed or a protected activity known to defendant, in addition to showing an adverse employment action and a causal connection between the two.  See Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. den., 520 U.S. 1228 (1997); Kotcher v. Rosa & Sullivan Appliance Ctr, Inc., 957 F.2d. 59, 64-65 (2d Cir. 1992).  These retaliation cases, both cited by plaintiff, are not on all fours with the instant case.  In Holt, the plaintiff had filed a formal charge with the U.S. Equal Employment Opportunity Commission ("EEOC") while she was still working and before she was terminated so that it was clear that her employer was on notice about her complaints of race and sex discrimination at the time of her termination.  In Kotcher, the plaintiff had complained to management about specific acts of sexual harassment by her immediate supervisor before

---

[1] The Court may take judicial notice of documents outside the Amended Complaint (see Exhibits B&C to Anspach Declaration dated April 18, 2008 ("Anspach Decl.")) because plaintiff relies on these documents to support his claims.  See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002)(because plaintiff relied heavily on documents outside the complaint in framing his complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated); See also, Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).

Clause of the Fourteenth Amendment to the U.S. Constitution brought under 42 U.S.C. § 1983.[1]

## ARGUMENT

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ESTABLISH ANY VIABLE CLAIMS

**I.   Plaintiff's Amended Complaint does not provide sufficient facts to establish a plausible retaliation claim**

To establish a retaliation claim under Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a), plaintiff first needs to identify an unlawful practice under Title VII that he opposed or a protected activity known to defendant, in addition to showing an adverse employment action and a causal connection between the two.  See Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. den., 520 U.S. 1228 (1997); Kotcher v. Rosa & Sullivan Appliance Ctr, Inc., 957 F.2d. 59, 64-65 (2d Cir. 1992).  These retaliation cases, both cited by plaintiff, are not on all fours with the instant case.  In Holt, the plaintiff had filed a formal charge with the U.S. Equal Employment Opportunity Commission ("EEOC") while she was still working and before she was terminated so that it was clear that her employer was on notice about her complaints of race and sex discrimination at the time of her termination.  In Kotcher, the plaintiff had complained to management about specific acts of sexual harassment by her immediate supervisor before

---

[1] The Court may take judicial notice of documents outside the Amended Complaint (see Exhibits B&C to Anspach Declaration dated April 18, 2008 ("Anspach Decl.")) because plaintiff relies on these documents to support his claims.  See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002)(because plaintiff relied heavily on documents outside the complaint in framing his complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated); See also, Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).

she was terminated.  Even in those cases where the protected activity is not traditional like the filing of a formal complaint with an outside agency such as in Holt or an informal internal complaint like Kotcher, the employer must still be on notice that the employee has complained about a protected activity to prove the first element in a claim for retaliation discrimination under Title VII.  See also, Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995).  In Tomka, the plaintiff had made internal complaints to management about sexual harassment and stated that she was considering legal action before she was terminated. Id., at 1308.  The first prong of a retaliation discrimination claim requires that the employee must have opposed a practice made unlawful under Title VII or participated in an activity protected by Title VII that the employer knows about.  See Holt v. KMI-Continental, 95 F.3d at 130; Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).

In the case at bar plaintiff has not complained of any type of protected discriminatory activity.  The two memoranda in February and April 2006 which plaintiff cites as evidence that he made statements to his employer opposing unlawful activity under Title VII (see Exhibit C to Anspach Decl.) are void of any references to unlawful discrimination.  In these memoranda to NYSDHR, plaintiff, complaining about his performance evaluations, uses the word "discriminatory" or "discrimination" but does not identify any type of discrimination protected by Title VII.  In the February 14, 2006 memorandum he suggests the discrimination refers to his being "humiliated" by reporting to someone that does not enjoy his "expertise, experience or professional background." See Exhibit C to Anspach Decl. at p.2.  Clearly, plaintiff did not complain in either of the

February or April 2006 memoranda of any type of racial discrimination which he now appears to allege in this action.

The plaintiff, for the first time, by identifying himself in the Amended Complaint as an African-American individual (see Exhibit A to Anspach Decl., Amended Complaint ¶ 41), appears to suggest that that fact is sufficient to prove that he was referring to race in his memoranda of February and April 2006. However, plaintiff's charge filed with the EEOC, which is a condition precedent to his Title VII claim in federal court, specifically identified only a retaliation claim.

Although on occasion the courts have allowed additional bases not in the EEOC charge to be included as "like or related" in the federal complaint, those situations generally involved charges drafted by non-attorneys and alleged conduct subsequent to the EEOC charge. See Butts v. N.Y. Dep't of Housing Preservation & Dev., 900 F.2d 1397, 1401 (2d Cir. 1993)("A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is "reasonably related" to that alleged in the EEOC charge." (citations omitted)). The fact is plaintiff neither raised race discrimination in his performance evaluation complaints nor identified race as a basis for discrimination in his EEOC charge which he filed after he was terminated. Furthermore, the charge was drafted by his attorney, who filed both the EEOC charge and the Amended Complaint, and specifically identified only a retaliation claim.

A plaintiff must provide enough facts to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly et al., --U.S.--, 127 S.Ct. 1955, 1974(2007)("Twombly"). The complaint should "possess enough heft to 'show that the pleader is entitled to

relief.'" Twombly, 127 S.Ct. at 1966, citing Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Second Circuit has adopted Twombly as a rule of general applicability. See Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007). In Iqbal, the Second Circuit concluded that Twombly creates a " flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." 490 F.3d at 157-158. No set of facts in the Amended Complaint, or the documents integral to it, support a retaliation claim under Title VII.

**II.     Plaintiff's facts are legally insufficient to establish a Due Process Fourteenth Amendment claim**

Plaintiff alleges he was entitled to a name clearing hearing (see plaintiff's memorandum of law in opposition at p. 10), because of a violation of his liberty interest under the 14th Amendment to the U.S. Constitution. Although a reputational injury coupled with the loss of government employment may implicate a constitutionally protected liberty interest, the Amended Complaint names no individual defendants. Since a Section 1983 claim cannot be maintained against the NYSDHR alone (see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)), plaintiff has no cause of action for a violation of any liberty interest under the Due Process Clause of the Constitution.

Even assuming, arguendo, that plaintiff could amend his complaint to add specific individuals to support a Section 1983 action, plaintiff cannot support this claim with the facts of this case. The seminal case that defined when an alleged defamation by a public official would constitute a deprivation of one's liberty in violation of the 14th Amendment, states that more than a "stigma" is required. See Paul v. Davis 424 U.S.

5

693, 699-701, 709 (1976)(defamation alone does not deprive one of a protected liberty interest). One also needs a "plus" like the loss of government employment. See Paul v. Davis, 424 U.S. at 701-10; Neu v. Corcoran, 869 F.2d 662, 667 (2d Cir. 1989), cert. den., 493 U.S. 816 (1989). However, the "plus" factor, the loss of one's job, must occur *after* the alleged defamatory statement or "stigma." See Gentile v. Wallen, 562 F.2d 193, 198 (2d Cir. 1977)("[i]n the absence of an employment relationship, [the defamatory statements] amounted to at most the type of simple defamation that the Supreme Court held not to trigger due process rights in Paul v. Davis."(citations omitted)). In the instant case, similar to Gentile, plaintiff was terminated from his job and by his own account multiple newspaper articles about his misconduct were published after his termination (see Exhibit A to the Anspach Decl., Amended Complaint ¶35). See also Sadallah v. City of Utica, 383 F.3d 34, 39 (2d Cir. 2004)(no "plus" factor followed the stigma).

Further, the alleged defamatory statements must be false. "[I]f the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute between an employer and a discharged employee…" Codd v. Velger, 429 U.S. 624, 627 (1977). Here plaintiff fails to set forth any facts in his Amended Complaint disputing the allegations of misconduct that resulted in his termination.

## CONCLUSION

The Amended Complaint should be dismissed in its entirety because it fails to state a cause of action of either retaliation discrimination under Title VII or denial of Due Process under the Fourteenth Amendment to the U.S. Constitution.

Dated: New York, New York
       May 27, 2008

                                  Respectfully submitted,

                                  ANDREW M. CUOMO
                                  Attorney General of the
                                   State of New York
                                  Attorney for Defendant
                                  By:
                                  /s/ Susan Anspach
                                  SUSAN ANSPACH (SA 6968)
                                  Assistant Attorney General
                                  120 Broadway, 24th Floor
                                  New York, New York 10271
                                  (212) 416-8548/8610

SUSAN ANSPACH
Assistant Attorney General
 Of Counsel