USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EUGENE DANIELS, III,　　　　　　　　　　　:

　　　　　　Plaintiff,　　　　　　　:　　07 Civ. 8007 (WHP)

　　-against-　　　　　　　　　　　　:　　MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN　:
RIGHTS,
　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

　　　　　Plaintiff Eugene R. Daniels III ("Daniels") brings this federal civil rights action against the New York State Division of Human Rights (the "NYSDHR") for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, retaliatory discharge under Title VII, 42 U.S.C. § 2000e-3(a), and § 296 of the New York State Human Rights Law, and violations of § 75 of the New York State Civil Service Law. Defendant moves to dismiss Daniels's claims. For the following reasons, Defendant's motion is granted with respect to all claims except for retaliatory discharge.

## BACKGROUND

　　　　　For purposes of this motion, the Court accepts the following facts as true. Daniels, an African-American male, was employed as regional director of the Kings County Office of the NYSDHR from June 2005 to May 2006. (Complaint dated Mar. 20, 2007 ("Compl.") ¶¶ 3-4.) Daniels wrote a letter to the Executive Deputy Commissioner of the NYSDHR on February 14, 2006, characterizing his performance evaluation and the fact that he was required to report to a colleague with a similar title as "blatant acts of discrimination."

1

(Declaration of Susan Anspach dated Apr. 18, 2008 ("Anspach Decl.") Ex. C: Feb. 14, 2006 letter from Daniels to Edward A. Friedland, Apr. 14, 2006 letter from Daniels to Michele Heitzner.) On April 14, 2006 Daniels wrote to the Deputy Commissioner for Regional Affairs of the NYSDHR, complaining that comments about him in a probation report demonstrate "an abusive, discriminatory and malice aforethought" towards him. (Anspach Decl. Ex. C.) Te NYSDHR fired Daniels on May 12, 2006. (Compl. ¶ 8.)

## DISCUSSION

### I. Legal Standard

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his] claims." Villager Pond. Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). A court may take judicial notice of any document the complaint "relies heavily upon." See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002).

### II. Section 1983 Claims

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473

U.S. 159, 169 (1985). State agencies are protected by the Eleventh Amendment. Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990) (State University of New York protected by the Eleventh Amendment); Benzo v. New York State Division of Human Rights, 95 Civ 5362, 1997 WL 37961, at *11 (S.D.N.Y. Jan. 29, 1997) (New York State Division of Human Rights protected by the Eleventh Amendment). Section 1983 does not abrogate the sovereign immunity of states, Dube, 900 F.2d at 594, and Defendant has not consented to suit. Accordingly, Daniels's claims pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment rights are dismissed.

II. Retaliatory Discharge

To plead a prima facie case of retaliation under Title VII or § 296 of the New York State Human Rights Law a plaintiff must plead: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. Patane v. Clark, 508 F.3d 106, 115-16 (2d Cir. 2007). Informal protests, including complaints to management, may constitute protected activity. Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990). "[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998). A causal connection can be established if the protected activity was "followed closely in time to the adverse action." Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996).

Daniels's informal complaints on February 14 and April 14, 2006 constitute a protected activity. Although the letters do not specifically refer to racial discrimination,

3

Defendant could have reasonably understood that Daniels was complaining about conduct prohibited by Title VII. That Daniels was fired less than a month after his April 14, 2006 letter is sufficient to allege a causal connection between the protected activity and the adverse employment action. Accordingly, Defendant's motion to dismiss the retaliatory discrimination claim under Title VII and § 296 of the New York State Human Rights Law is denied.

III. Section 75 of the New York State Civil Service Law

Section 75 of the New York State Civil Service Law applies to an employee that has completed at least five years continuous service in a qualifying position. Daniels alleges that he was employed in the position of regional director from June 2005 to May 2006. Accordingly, to the extent Daniels alleges a claim pursuant to § 75, it is dismissed.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted with respect to Plaintiff's § 1983 claims and his New York State Civil Service Law claims. Defendant's motion is denied with respect to Plaintiff's retaliatory discharge claims under Title VII and the New York State Human Rights Law.

Dated: June 27, 2008
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

4

*Counsel of Record*

Robin Aronson, Esq.
30 Bayside Terrace
Great Neck, NY 11023
*Counsel for Plaintiff*

Susan Anspach. Esq.
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
*Counsel for Defendant*